UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ANTHONY JOHN RUSSO,

                            Plaintiff,                  **MEMORANDUM AND ORDER**
-against-                                            16-CV-672 (RRM) (RLM)

NEW YORK CITY, NEW YORK STATE,

                            Defendants.
-------------------------------------------------------------X
ROSLYNN R. MAUSKOPF, United States District Judge.

      On February 4, 2016, *pro se* plaintiff Anthony John Russo filed this action against defendants the City of New York and the State of New York. He seeks injunctive relief and his unpaid salary for three and one-half years. Russo's request to proceed *in forma pauperis* is granted solely for the purpose of this Order. For the reasons set forth below, Russo's complaint is dismissed.

## BACKGROUND

      On May 25, 2012, Russo was terminated from his job as a special education teacher for the New York City Department of Education. (Compl. (Doc. No. 1) at 2.)[1] Russo alleges that his termination was without due process in violation of the Fifth and Fourteenth Amendments of the United States Constitution and that the decision to terminate him was "arbitrary and capricious" in part because New York Education Law § 3020-a, which provides conditions under which a tenured teacher may be disciplined or terminated, "lacked offenses / standards / specifications that corresponded to [potential penalties]." (*Id.* at 2–3.) Russo's termination was upheld by the state court, but the Appellate Division rescinded the termination. (*Id.* at 3; Pl. Exs. (Doc. No. 1) 4, 6 at 10, 13–19.) On April 7, 2015, the New York State Court of Appeals upheld Russo's termination. (Compl. at 3; Pl. Ex. 7 at 25.) On November 2, 2015, the United States

---
[1] For ease of reference, citations to the record utilize ECF pagination.

Supreme Court denied Russo's petition for a writ of certiorari and, on January 11, 2016, denied Russo's request for a rehearing. (Pl. Exs. 8–9 at 26–27.) Russo now seeks to re-litigate his termination in this Court. (Compl. at 4.) Russo seeks to rescind his termination, return to teaching, and recover damages in the amount of three and one-half years of his salary. (*Id.*) Russo also asks that the Court find New York Education Law § 3020-a[2] void for vagueness. (*Id.*)

## STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). At the pleading stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010), *aff'd*, 133 S. Ct. 1659 (2013) (citing *Iqbal*, 556 U.S. at 678). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In addition, a *pro se* complaint is "to be liberally construed," *Ahlers v. Rabinowitz*, 684 F.3d 53, 60 (2d Cir. 2012), and "interpreted to raise the strongest arguments that they suggest," *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996) (internal citation and quotation marks omitted). However, pursuant to the *in forma pauperis* statute, the Court must dismiss a complaint if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii)

---

[2] Russo alleges in his "Remedy" section that he is challenging New York Education Law § 3020 for vagueness. (Compl. at 4.) However, pursuant to Russo's "Statement of Claim," his vagueness challenge actually relates to § 3020-a. (*Id.* at 2–3 ("4 penalties were possible for plaintiff. They were: 1) written reprimand, 2) a fine, 3) suspension for a fixed time without pay, 4) dismissal. These 4 penalties came under N.Y. Education Law 3020-a. Because this law lacked offenses / standards / specifications that corresponded to any of the above 4 penalties – most notably termination –, this engendered arbitrary and capricious decision-making on the part of the Hearing Officer, who terminated plaintiff.").)

seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Additionally, if the Court "determines at any time that it lacks subject-matter jurisdiction, the Court must dismiss the action." Fed. R. Civ. P. 12(h)(3). The Court should generally not dismiss a *pro se* complaint without granting the plaintiff leave to amend if a valid claim could be stated. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). However, where amendment would be futile, the Court need not grant such leave. *See Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014).

**DISCUSSION**

Here, Russo invokes the Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331. Specifically, Russo alleges that defendants violated his rights under the Fifth and Fourteenth Amendments. (*See* Compl. at 2.) Accordingly, the Court liberally construes Russo's complaint as arising under the Civil Rights Act, 42 U.S.C. § 1983.

In order to sustain a claim for relief under 42 U.S.C. § 1983 against a municipal defendant, such as the City of New York, a plaintiff must show the existence of an officially adopted policy or custom that caused injury *and* a direct causal connection between that policy or custom and the deprivation of a constitutional right. *Monell v. Dep't of Social Servs. of the City of New York*, 436 U.S. 658, 692 (1978); *see also Connick v. Thompson*, 563 U.S. 51, 60–61 (2011) ("Plaintiffs who seek to impose liability on governments under § 1983 must prove that action pursuant to official municipal policy caused their injury. Official municipal policy includes . . . practices so persistent and widespread as to practically have the force of law."). Such claims must satisfy the plausibility standard set forth in *Iqbal* and *Twombly*, which requires a plaintiff to support his claim with well-pled factual allegations. *Plair v. City of New York*, 789 F. Supp. 2d 459, 463, 469 (S.D.N.Y. 2011) ("Following *Iqbal* and *Twombly*, *Monell* claims must

satisfy the plausibility standard."); *see also Meehan v. Kenville*, 555 F. App'x 116, 117 (2d Cir. 2014) (summary order) (affirming dismissal of claim against municipal entity under 28 U.S.C. § 1915 for "failure to plausibly allege that any constitutional violation resulted from a custom, policy or practice of the municipality"). Here, Russo does not allege, and nothing in his complaint suggests, facts sufficient to confer *Monell* liability on the City of New York. Therefore, the complaint as to the City of New York fails to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B).

To the extent Russo sues the State of New York based on the implementation of New York Education Law § 3020-a, that claim also fails. In *Jacobs v. Mostow*, the Second Circuit rejected *pro se* plaintiff's challenge to New York Education Law § 3020-a, finding that "§ 3020-a is not void for vagueness." 271 F. App'x 85, 89 (2d Cir. 2008); *see also Roemer v. Board of Educ. of the City of New York*, 150 F. App'x 38, 40 (2d Cir. 2005) (summary order) (rejecting plaintiff's "facial challenge to New York Education Law section 3020-a" and finding that "[t]he law . . . provides all the process due"); *Blythe v. City of New York*, 963 F. Supp. 2d 158, 174 (E.D.N.Y. 2013) ("The procedures of § 3020-a . . . are more than adequate to satisfy the Fourteenth Amendment's requirement of due process."). Therefore, Russo's challenge to New York Education Law § 3020-a fails to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B).

Furthermore, to the extent Russo seeks to re-litigate his termination, he cannot do so here. The doctrine of *res judicata* or claim preclusion "bars later litigation if [an] earlier decision was (1) a final judgment on the merits, (2) by a court of competent jurisdiction, (3) in a case involving the same parties or their privies, and (4) involving the same cause of action." *EDP Med. Computer Sys., Inc. v. United States*, 480 F.3d 621, 624 (2d Cir. 2007) (internal citations and quotation marks omitted); *see also Hameed v. Aldana*, 296 F. App'x 154 (2d Cir. 2008)

(applying factors set forth in *EDP Med. Computer Sys.* and affirming dismissal of *pro se* complaint on *res judicata* grounds based on a state court judgment). "[I]t is the facts surrounding the transaction or occurrence which operate to constitute the cause of action, not the legal theory upon which a litigant relies." *Saud v. Bank of New York*, 929 F.2d 916, 919 (2d Cir. 1991) (internal quotation marks omitted). Russo's federal complaint raises challenges to the same transaction or occurrence as his state court action, *i.e.*, his termination, and is, therefore, barred by *res judicata*.

## CONCLUSION

Accordingly, the complaint, filed *in forma pauperis*, is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and the doctrine of *res judicata*, and amendment would be futile. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to enter judgment, mail a copy of this Order to Russo at the address listed for him on the docket, note the mailing on the docket, and close the case.

SO ORDERED.

*Roslynn R. Mauskopf*

_____
ROSLYNN R. MAUSKOPF
United States District Judge

Dated: Brooklyn, New York
       July 19, 2016

5